FILED
CLERK

5/19/2025 3:40 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSEPH HASKINS,

                              Plaintiff,

       -against-

SCCF,

                              Defendant.
------------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
25-CV-1536(GRB)(AYS)

**GARY R. BROWN, United States District Judge:**

      Before the Court is the application of Joseph Haskins ("Plaintiff") to proceed *in forma pauperis* ("IFP") in relation to his *pro se* complaint filed while incarcerated at Suffolk County Correctional Facility ("SCCF" or the "Jail"). *See* Docket Entry Nos. "DE" 1, 5-6, 9.[1] Upon review of Plaintiff's submissions, the Court finds that he is qualified by his financial position as reported in his IFP application to proceed without prepayment of the filing fee. Accordingly, the application to proceed IFP (DE 5) is granted. However, for the reasons that follow, the Court finds that Plaintiff has not alleged a plausible claim and the complaint is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) without prejudice and with leave to file an amended complaint.

## BACKGROUND[2]

      Plaintiff's complaint is submitted on the Court's civil rights complaint form for actions brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and is brief. *See* DE 1. Plaintiff names

---

[1] Plaintiff filed a short form IFP application, DE 5, and two copies of the Long Form IFP application, DE 6 and 9. Given that the short form IFP application provides sufficient financial information to determine Plaintiff's qualification to proceed without prepayment of the filing fee and is granted for the reasons that follow, the Long Form IFP applications (DE 6, 9) are denied as moot.

[2] Excerpts from the complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

the SCCF[3] ("Defendant") as the sole Defendant in the caption. In the section of the complaint that calls for a list of all defendants, Plaintiff wrote "SCCF Medical Dept." and "SCCF Officers As Well." (*Id*. at 2.) Plaintiff alleges that, while detained at the SSCF on January 11, 2025[4] during the breakfast service at approximately 4:00 a.m.- 5:00 a.m., the lid on the hot water urn was not secured with "its regulation seal" and, as a result, hot water "spilled and splatter[ed] on [][his] left foot causing a third degree burn. (*Id.* at 4, ¶ II.) Plaintiff alleges that he was not seen by the medical department until "around noon time" where he was treated and instructed to have his bandage changed three times a day by "wound care." (*Id*.) According to the complaint, the treatment plan was provided for just one day and then he was "just given band-aids." (*Id*.) However, Plaintiff describes that, after submitting "several" grievances, "they started treating my foot properly." (*Id*.) Plaintiff also claims that none of the medical staff or "officers working on B-Pod that morning" would give him their names and/or badge numbers. (*Id*. at 6.)

In the space that calls for a description of any injuries suffered and any medical treatment required and/or received Plaintiff wrote: "3rd Degree burns on my foot by scalding hot water. Medical treatment wasn't given the, it was hours later, then it ceased after a day." *Id*. at 4, ¶ II.A. For relief, Plaintiff seeks to recover a damages award in an unspecified sum as "compensation for being permanently damaged." *Id.* at 4, ¶ III.

---

[3] The Court understands this abbreviation to mean the Suffolk County Correctional Facility.

[4] Notably, the complaint alleges that the subject event occurred in the early morning hours on January 11, 2025. (DE 1 at 3-4, ¶ II.) However, the Notice of Claim annexed to the complaint reflects that the incident occurred on January 10, 2023. (*Id*. at 7, ¶ 3.) Further, the grievance dated February 4, 2025 reflects that the incident occurred on January 10 of an unspecified year and the grievance dated January 21, 2025 reflects that Plaintiff's bandage was not changed "this morning." (*Id*. at 11, 13.) The response to the January 21, 2025 grievance recites that "Inmate Haskin has filed a grievance without a date of occurrence. Inmate Haskin was seen and evaluated by a medical provider on 01/10/25 for a hot water burn on his left foot." (*Id*. at 13.)

2

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether a plaintiff qualifies for IFP status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2). *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

### I. Qualification for IFP Status

Upon review of the Plaintiff's IFP application (DE 5), the Court finds that Plaintiff is qualified by his reported financial position to commence this action without prepayment of the filing fee. Accordingly, the IFP application is granted. The Court turns next to the merits of the complaint.

### II. Sufficiency of the Pleadings

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). It is axiomatic that district courts are required to read pro se complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).
>
> Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

3

550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

### I. Section 1983

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id.* The Court analyzes Plaintiff's Section 1983 claims below.

### A. Lack of Capacity

As a threshold matter, "the Jail, as an administrative arm of the municipality, Suffolk

4

County, is without an independent legal identity and cannot be sued." *Scelza v. Scelza*, No. 24-CV-2378(GRB)(JMW), 2024 WL 2722118, at *3 (E.D.N.Y. May 28, 2024) (citing *Sturgis v. Suffolk County Jail*, No. 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (*sua sponte* dismissing Section 1983 claims against the Jail, among others, because it is an "administrative arm[ ] of the County of Suffolk [ ] [and] lack[s] the capacity to be sued") (citing *Carthew v. County of Suffolk*, 709 F. Supp.2d 188, 195 (E.D.N.Y. 2010)). Accordingly, Plaintiff's claim against the Jail is not plausible and is therefore dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1). Given Plaintiff's *pro se* status and the special solicitude afforded such litigants, the Court has considered whether he has alleged a plausible claim when construed as against the municipality, Suffolk County, and finds that he has not for the reasons that follow.

### B. Municipal Liability

Municipal governments, like Suffolk County, may be held liable under Section 1983 "only for unconstitutional or illegal policies, not for the illegal conduct of their employees." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Thus, Suffolk County could only face liability if Plaintiff alleged a pattern or practice of such conduct. To state a claim against a municipality under Section 1983, "the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom." (*Id.*) (internal quotation marks and citation omitted). Here, as is readily apparent, Plaintiff's sparse complaint is devoid of any such allegations. Plaintiff has not pled that the allegedly unconstitutional conditions of his confinement concerning the loose lid on the hot water urn on a single date and the medical treatment -- or lack thereof -- were the result of a policy or practice of Suffolk County. *See, e.g.*, *Parker v. Suffolk County Police Dept.*, No. 22-CV-3969(GRB)(AYS), 2023 WL 5047784, at *6

5

(E.D.N.Y. Aug. 7, 2023) (citing *Joyner-El v. Giammarella*, No. 09-CV-2731 (NRB), 2010 WL 1685957, at *7-8 (S.D.N.Y. Apr. 15, 2010)) (dismissing any *Monell* claim because the plaintiff had "pointed to no policy or custom on the part of New York City that might plausibly have caused any of his alleged constitutional injuries"); *Overhoff v. Ginsburg Dev., L.L.C.*, 143 F. Supp. 2d 379, 389 (S.D.N.Y. 2001) (dismissing Section 1983 complaint against municipality due to plaintiff's failure to "allege that her constitutional rights were violated pursuant to any municipal policy or custom"). Given the absence of allegations suggesting that the alleged deprivation of Plaintiff's constitutional rights was pursuant to some municipal policy or custom, Plaintiff's claims are not plausible and are thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

  **C.**  **Conditions of Confinement Claims**

Even if Plaintiff had named a proper defendant and sufficiently alleged municipal liability, his conditions of confinement claims do not plausibly allege a constitutional deprivation. Plaintiff has not alleged whether he was a convicted prisoner or a pretrial detainee at the time of the challenged conduct.[5] Regardless, all "'[p]risoners and detainees have constitutionally protected rights to receive humane conditions of confinement, including adequate food, clothing, shelter, medical care, and security.'" *Arroyo v. Nassau Cnty. Corr.*, No. 22-CV-5611(GRB)(LGD), 2022 WL 16636774, at *3 (E.D.N.Y. Nov. 2, 2022) (quoting *McKoy v. Suffolk County Corr. Fac.*, No. 21-CV-1873, 2022 WL 1092385, at *2 (E.D.N.Y. Apr. 12, 2022) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). However, "the Eighth Amendment

---

[5] Plaintiff's custody status is relevant because, if he is a pretrial detainee, his claim arises under the Due Process Clause of the Fourteenth Amendment; but, if he is a convicted prisoner, these claims arise under the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See, e.g., El Dey v. Bd. of Correction*, No. 1:22-CV-2600 (LTS), 2022 WL 2237471, at *8 (S.D.N.Y. June 22, 2022) (citing *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)).

is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law." *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (noting that "not every lapse in prison medical care will rise to the level of a constitutional violation.") (internal citation omitted). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotation marks omitted). Under either amendment, "[t]he deliberate indifference standard embodies both objective and subjective elements: (1) the alleged deprivation must be, in objective terms, sufficiently serious; and (2) the charged official conduct must act with a sufficiently culpable state of mind." *Espinosa v. Nassau Cnty. Corr. Ctr.*, No. 20-CV-0223 (GRB), 2020 WL 4614311, at *3 (E.D.N.Y. July 22, 2020) (internal quotation marks and citation omitted).

Plaintiff's allegations that: (1) on a single occasion, the lid on the hot water urn was not secured; (2) hot water spilled and splashed on his left foot causing a third-degree burn; (3) he was treated for his injury several hours later; and (4) his treatment ceased but was resumed, do not individually or collectively establish a plausible deliberate indifference or conditions of confinement claim. Even assuming Plaintiff's third-degree burn is sufficiently serious, wholly absent are any allegations that any individual acted with a sufficiently culpable state of mind. The complaint is bereft of any facts showing that any individual was deliberately indifference to the risk allegedly posed by the hot water urn or the medical treatment (or lack thereof).[6] (*See*

---

[6] Indeed, "[w]here, as here, 'the prisoner is receiving on-going treatment and the offending conduct is an unreasonable delay or interruption in that treatment, the seriousness inquiry focuses on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone.'" *Goris v. Breslin*, 402 F. App'x 582, 584–85 (2d Cir. 2010) (internal quotation marks and alterations omitted). In other words, "it's the particular risk of harm faced by the prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract, that is relevant for Eighth Amendment purposes." *Id.* at 585 (internal quotation marks and citation omitted).

7

Compl., DE 1 *in toto*.) Therefore, Plaintiff's conditions of confinement and deliberate indifference claims are not plausible and are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

## II. State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the Complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's Complaint.

## III. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when

a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, leave to amend should typically be withheld only if amendment would be futile -- that is, if it is clear from the facts alleged that the events in question cannot give rise to liability. *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). It is not clear that amendment would be futile here, so Plaintiff may attempt to replead these allegations with the specificity and level of detail required by the case law discussed above.

Accordingly, Plaintiff is granted leave to file an amended complaint to afford him an opportunity to allege as plausible claim. If Plaintiff chooses to amend his complaint, he shall do so within thirty (30) days from the date of this Order and include facts from which the Court could reasonably construe that the conditions of his confinement and/or the alleged denial of medical treatment were extreme enough to constitute a "substantial risk of serious harm" and that each person named as a defendant consciously disregarded it. If Plaintiff does not presently know the name or badge number of any individual whom he seeks to hold liable, he may name such individual as "John Doe" or "Jane Doe" in the amended complaint and shall include facts surrounding the date(s), time(s), and location(s) of any challenged action or inaction as well as descriptive information about any such individuals such that their identities may be obtained. Any amended complaint shall be clearly labeled "Amended Complaint" and shall bear the same docket number as this Order, 25-CV-01536(GRB)(AYS). If Plaintiff does not timely file an amended complaint, judgment shall enter without further notice and this case will be closed. Alternatively, Plaintiff may pursue any valid claims he may have, including negligence, in state court.

## IV. Section 1915 Privilege

The Second Circuit has long-established that "the benefit of § 1915 is a privilege, not a right . . . and that the court's 'extra measure of authority' in dealing with § 1915 actions is necessary because frivolous suits unduly burden the courts, sometimes obscuring meritorious claims, occasion significant expenditures of public monies, and are a means by which plaintiffs can use the federal government to harass individual defendants." *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983) (citations omitted). As *in forma pauperis* status is not a constitutional right but rather a congressionally created benefit, it can be extended or limited by Congress. *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (citation omitted). Indeed, to help staunch a "flood of nonmeritorious" prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule. *Lomax v. Ortiz-Marquez*, 590 U.S. ----, 140 S. Ct. 1721, 1723 (2020) (citing *Jones v. Bock*, 549 U.S. 199, 203 (2007)). That rule generally prevents a prisoner from bringing suit *in forma pauperis*—that is, without first paying the filing fee—if he has had three or more prior suits "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." *Id*. (quoting 28 U.S.C. § 1915(g)).

In determining when a plaintiff should receive a strike for a dismissed case under section 1915(g), the Second Circuit has made clear that district courts should not impose strikes in its dismissal orders. *See James v.* McIntosh, 24-624, 2024 WL 4662980 (2d Cir. Nov. 4, 2024) ("a district court errs in entering a strike at the dismissal stage") (citing *Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004)). Rather, a district court should only consider whether a plaintiff has three strikes if it appears that the plaintiff has run afoul of section 1915(g) and is barred from proceeding *in forma pauperis* in the instant action. *See id.* As such,

10

> [T]he district court judgments should clearly set forth the reasons for dismissal, including whether the dismissal is because the claim is "frivolous," "malicious," or "fails to state a claim," whether it is because the prisoner has failed to exhaust an available administrative remedy, or for other reasons.
>
> Clarifications of this sort will undoubtedly assist subsequent courts that must determine whether a plaintiff is barred from maintaining an action *in forma pauperis* by the three strikes rule of Section 1915(g).

*Deleon*, 361 F.3d at 95 (citing *Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999)) (purgandum).[7]

Incarcerated litigants face a greater risk of various harms while in prison, including physical injuries, poor prison conditions, inadequate medical care, and other constitutional deprivations, making their access to relief from the judicial system of the utmost importance. *See Rosa v. Doe*, No. 21-2628, 2023 WL 8009400 (2d Cir. Nov. 20, 2023) (discussing history and importance of IFP status). This access, however, when done through IFP status, is not unrestricted and the indigent prisoner should be made aware of the limitations. Once a prisoner accrues three dismissals based on either frivolousness, maliciousness, or for failure to state a claim, that prisoner will be prohibited from commencing another action or appeal IFP unless he is in imminent physical danger—regardless of the meritoriousness of the case. *See, e.g.*, *Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (affirming dismissal of prisoner's IFP action alleging claims of exposure to mold and unjust discipline based on the three-strikes rule); *Fate v. New York*, No. 19-CV-4107 (CS), 2021 WL 1177966, at *7 (S.D.N.Y. Mar. 26, 2021) (dismissing prisoner's IFP case alleging campaign of police harassment and retaliation and a physical assault under the three-strikes rule). Indeed, "[r]equiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by

---

[7] *See Farmers Property and Casualty Insur. Co. v. Fallon*, No. 21-CV-6022 (GRB)(ARL), 2023 WL 4975977, at *3 n.6 (E.D.N.Y. Aug. 3, 2023) (discussing use of "purgandum" to indicate the removal of superfluous marks for the ease of reading).

11

those whose basic costs of living are not paid by the state." *Nicholas v. Tucker*, 114 F.3d 17, 21 (2d Cir. 1997) (citation omitted).

Here, the Court does not impose any strikes against the Plaintiff but will note, however - - for the *pro se* Plaintiff's benefit - - that the statute under which he is proceeding is a privilege subject to revocation. And the plain language of § 1915(g) suggests that such revocation is compulsory in the face of abuse. *See* 42 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has [violated the three-strike rule] unless the prisoner is under imminent danger of serious physical injury.") (emphasis added); *see also Lomax*, 140 S. Ct. at 1723-24 ("That provision bars further IFP litigation once a prisoner has had at least three prior suits dismissed on specified grounds."). Accordingly, the Plaintiff proceeding IFP here is cautioned that the dismissal of the present complaint for failure to state a claim may be considered a strike by a future court and contribute to the determination that he has violated the three-strikes rule of § 1915(g), barring him from commencing further actions or appeals IFP.

## CONCLUSION

Based on the foregoing, Plaintiff's IFP application (DE 5) is granted; however, the complaint (DE 1) is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1). Plaintiff is granted leave to file an amended complaint. If Plaintiff chooses to amend the complaint in accordance with this Memorandum and Order, he shall do so within thirty (30) days from the date of this Memorandum and Order. Any amended complaint shall be clearly labeled "Amended Complaint" and shall bear the same docket number as this Order, 25-CV-01536(GRB)(AYS). Should Plaintiff elect to file an amended complaint, it will be screened pursuant to the requirements of 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). If Plaintiff does not timely

file an amended complaint, judgment shall enter without further notice and this case will be closed.

The Clerk of the Court shall mail a copy of this Memorandum and Order to the *pro se* Plaintiff at his address of record in an enveloped marked "Legal Mail" and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

/s/ Gary R. Brown

**Gary R. Brown**
**United States District Judge**

Dated: May 19, 2025
     Central Islip, New York